UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gwendolyn Walker Smith,<br>by and on behalf of Zeus Harrison Smith,<br>a minor, | Civil No. 03-5570 (PAM/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Richard R. Auge, Ramsey County Sheriff's<br>Department, Roseville Police Department, and<br>Officer Karlson,<br>Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss and Motion to Compel. For the reasons that follow, the Motion to Dismiss is granted and the Motion to Compel is denied as moot.

**BACKGROUND**

Plaintiff Gwendolyn Walker Smith commenced this action under 42 U.S.C. § 1983 in October 2003 against Defendants, who are Ramsey County and City of Roseville police officers. She claims that Defendants exerted excessive force during a traffic stop in October 2001. Specifically, she alleges that Defendant Richard Auge brutally grabbed her upper arm, kneed her in her stomach, kicked her to the pavement, and beat her. Walker Smith also alleges that Defendant Matthew Karlson sprayed mace directly into her eyes.

This case languished for some time, and in April 2004 Walker Smith had to show cause why the Complaint should be not dismissed for lack of prosecution. Eventually, Walker Smith retained counsel in September 2004. Her counsel immediately and successfully moved to

amend the Complaint, but irreconcilable differences developed between Walker Smith and her counsel soon thereafter. Nevertheless, the counsel agreed to stay on the case until Walker Smith's deposition was completed.

Defendants originally scheduled Walker Smith's deposition for September 23, 2004. It was then rescheduled for October 25, 2004, and subsequently indefinitely postponed. Given the indefiniteness of the date on which the deposition would be taken, Walker Smith's counsel decided that she could not remain on the case. On December 21, 2004, after finding that the irreconcilable differences could not be overcome, Magistrate Judge Erickson granted the counsel's request to withdraw from the case. In conjunction with the withdrawal of her counsel, Magistrate Judge Erickson allowed discovery to be stayed for thirty days for Walker Smith's benefit.

In February 2005 — after the thirty day stay had expired — Defendants noticed the depositions of Walker Smith and her son. Walker Smith was unwilling to allow the depositions to proceed. On March 17, 2005, Magistrate Judge Erickson ordered that Walker Smith submit to a deposition by April 6, 2005.

After Defendants noticed her deposition for March 23, 2005, Walker Smith stated that she would not appear on that date. Her deposition was then rescheduled for April 6, 2005. On that day, Walker Smith failed to appear for the deposition, and instead telephoned to say that she was too ill. The next day, Defendants offered to reschedule the deposition for April 11, 2005, but Walker Smith stated that she was otherwise unavailable that day.

Walker Smith claims that she suffered physical injuries from the incident, including

"soft tissue injuries, stress from nightmares, fear and anxiety that produce lower immunity, which has resulted in abscesses, irreversible bone loss, osteomyelitis, cytolysis, bulimia." (Flynn Aff. Ex. 1; see also Am. Compl. ¶ 18.) To ascertain the nature and extent of her injuries, Defendants scheduled an independent medical examination with Dr. Larry Stern for April 21, 2005. (Flynn Aff. Ex. 2.) Two days before the appointment, Walker Smith informed Defendants' counsel that she would not be attending the examination. As a result of Walker Smith's cancellation, Defendants incurred costs of $586.00.

Defendants now bring two Motions: a Motion to Dismiss and a Motion to Compel. Defendants argue that dismissal is warranted because Walker Smith has shown a pattern or dilatory tactics and blatantly violated Magistrate Judge Erickson's March 2005 Order by repeatedly refusing to submit to deposition. Alternatively, Defendants ask that the Court compel Walker Smith to attend an independent medical examination on June 30, 2005, and extend the current pretrial deadline for Defendants' expert disclosures.

Walker Smith failed to respond to either Motion, but did appear at the hearing on June 7, 2005. At the hearing, the Court took the Motions under advisement and issued an Order from the bench requiring Walker Smith to appear for her deposition before June 30, 2005. The Court further ordered Walker Smith and defense counsel to set a date, time, and place for her deposition before leaving the courtroom. The Court warned that Walker Smith's failure to comply with these directives would result in dismissal of the case.

After the hearing, defense counsel remained in the courtroom and began arranging their calendars to establish a date for Walker Smith's deposition. Walker Smith immediately

departed the courtroom without speaking to defense counsel. Defense counsel then walked out of the courtroom and into the hallway to locate Walker Smith. After finding Walker Smith near the elevators, defense counsel explained that they needed to immediately select a date for her deposition. Walker Smith responded by stating that she would telephone defense counsel and then departed. Walker Smith has yet to contact defense counsel.

**DISCUSSION**

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. Specifically, if a party fails to appear for a deposition or examination after being served with proper notice, the Court "may make such orders in regard to the failure as are just," including an order dismissing the action. Fed. R. Civ. P. 37. However, the Eighth Circuit Court of Appeals has warned that dismissal is an extreme sanction and therefore should be used sparingly. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000); Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998). Accordingly, to justify a dismissal of an action, the Court must find that the plaintiff's noncompliance with a discovery order was willful or in bad faith. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980); Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 719 (8th Cir. 2002). The Court may find willful disobedience sufficient to support dismissal when a party employs stall tactics and blatantly disregards court orders. Schoffstall, 223 F.3d at 823; Fletcher v. Southern Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir. 1985) (a pattern of dilatory tactics or refusals to submit to discovery indicates willfulness). However, when a party is attempting to work out arrangements for depositions, a finding of willfulness or bad faith is inappropriate.

Hairston, 307 F.3d at 719.

In addition to finding bad faith or willfulness, the Court must also find that the disobedience prejudices another party. In re: O'Brien, 351 F.3d 832, 839 (8th Cir. 2003). A finding of prejudice is proper if the failure to comply with discovery requests impairs an opponent's ability to determine the factual merits of a party's claim. Id.

The United States Supreme Court has instructed that Rule 37 be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent. Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976). These principles apply to pro se litigants. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000).

In this case, Walker Smith has displayed a pattern of dilatoriness. For example, Walker Smith failed to prosecute the case for nearly six months after filing the original Complaint, requested two extensions of scheduling deadlines, and effectively caused an additional sixty-day stay in discovery by refusing to appear at a deposition. Moreover, Walker Smith flagrantly disregarded both Magistrate Judge Erickson's March 17, 2005, Order and this Court's explicit directive at the June 7, 2005 hearing to immediately schedule her deposition. Walker Smith likewise rebuked Defendants' many attempts to accommodate her by rescheduling the deposition. Walker Smith's conduct demonstrates a callous disregard to the Rules of Civil Procedure, as well as the orders of the Court, and clearly indicates willfulness.

Furthermore, Defendants have been prejudiced by Walker Smith's stall tactics and violation of the March 2005 and June 2005 Orders. Specifically, Defendants have been unable

to determine the factual merits of Walker Smith's claims. See Rodgers, 135 F.3d at 1222; Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992). Moreover, they have endured considerable delay and expense caused by Walker Smith's dilatory conduct. Dismissal with prejudice is therefore appropriate.[1]

**CONCLUSION**

Plaintiff Gwendolyn Walker Smith has displayed an egregious disregard for the Rules of Civil Procedure and Court orders. Moreover, Defendants have suffered prejudice because of Walker Smith's dilatory tactics. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Clerk Doc. No. 62) is **GRANTED**;

2. Defendants' Motion to Compel (Clerk Doc. No. 68) is **DENIED as moot**; and

3. The Amended Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 16, 2005

                                      s/ Paul A. Magnuson
                                      Paul A. Magnuson
                                      United States District Court Judge

---

[1] Because the Court finds that dismissal with prejudice is appropriate, it need not address Defendants' Motion to Compel.